IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RJ BOATMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-00003 |
| | § | |
| BYRNA TECHNOLOGIES, INC., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Byrna Technologies, Inc. ("Defendant") respectfully files its Answer to Plaintiff RJ Boatman's ("Plaintiff") Original Petition ("Petition") and states as follows:

### DISCOVERY CONTROL PLAN

1. As for the allegations in Paragraph 1 of the Petition, Defendant denies that the Texas Rules of Civil Procedure apply to this action.

### RELIEF

2. As for the allegations in Paragraph 2 of the Petition, Defendant admits that Plaintiff seeks monetary relief of more than $1,000,000 but denies that Plaintiff is entitled to any such relief.

### PARTIES

3. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of the Petition.

4. Defendant admits that it is a Delaware corporation. Defendant denies the remaining allegations in Paragraph 4 of the Petition.

### JURISDICTION

5. The allegations in Paragraph 5 of the Petition contain conclusions of law for which no answer is required.

## **VENUE**

6. The allegations in Paragraph 6 of the Petition contain conclusions of law for which no answer is required. Defendant further denies that the Texas Rules of Civil Procedure apply to this action.

## **FACTS**

7. As for the allegations in Paragraph 7 of the Petition, Defendant admits that it specializes in the development, manufacture, and sale of innovative non-lethal solutions. Defendant further admits that, in Fall 2020, it announced the formation of a new global business unit that would focus on domestic and international law enforcement agencies and private security companies. This new division, "Byrna LE", would introduce Defendant's line of less-lethal weapons to domestic and international law enforcement agencies as well as to global private security companies and other professionally licensed entities. Defendant further admits that Plaintiff previously worked in law enforcement for more than 35 years.

8. Defendant admits that, prior to being employed by Defendant, Plaintiff worked with Defendant as a consultant for several months. Defendant further admits that its Chief Executive Officer, Brian Ganz, subsequently recruited Plaintiff to become an employee of Defendant. Defendant denies the remaining allegations in Paragraph 8 of the Petition.

9. Defendant admits that it hired Plaintiff on or about August 31, 2020 to serve as its EVP for Governmental Affairs. Defendant further admits that Plaintiff reported to Defendant's Chief Executive Officer, Brian Ganz, and that Plaintiff was responsible for the development of Defendant's Law Enforcement Unit. Defendant further admits that Plaintiff worked for Defendant in Las Vegas, Nevada and in Harris County, Texas. Defendant denies the remaining allegations in Paragraph 9 of the Petition.

10. Defendant denies the allegations in Paragraph 10 of the Petition.

11. Defendant admits that, on August 31, 2020, Plaintiff and Defendant entered into a Restricted Stock Unit Award Agreement through which Defendant awarded Plaintiff 250,000 Restricted Stock Units.[1] Defendant further admits that each Restricted Stock Unit represented the right to receive one share of Defendant's common stock, subject to the terms of the Restricted Stock Unit Award Agreement and the Byrna Technologies, Inc. 2020 Equity Incentive Plan.

12. The allegations in Paragraph 12 of the Petition contain conclusions of law for which no answer is required.

13. Defendant admits that it was legally entitled to terminate Plaintiff's employment. Defendant denies the remaining allegations in Paragraph 13 of the Petition.

## CAUSES OF ACTION

**A.    Breach of Contract**

14. Defendant realleges and incorporates by reference its answers to Paragraphs 1-13 of the Petition.

15. Defendant admits that Plaintiff entered into contractual agreements with Defendant. Defendant denies the remaining allegations in Paragraph 15 of the Petition.

**B.    Attorneys' Fees**

16. Defendant realleges and incorporates by reference its answers to Paragraphs 1-15 of the Petition.

17. Defendant admits that Plaintiff seeks attorneys' fees, but Defendant denies that Plaintiff is entitled to any such relief. Defendant denies the remaining allegations in Paragraph 17

---

[1] In April 2021, Defendant announced a reverse stock split such that every ten shares of its common stock were converted into one share of common stock. Consequently, following the reverse stock split, the 250,000 Restricted Stock Units that were awarded to Plaintiff were reduced to 25,000 Restricted Stock Units.

of the Petition.

## JURY DEMAND

18.     As for the jury demand in Paragraph 18 of the Petition, Defendant acknowledges that Plaintiff requests a trial by jury.

## CONDITIONS PRECEDENT

19.     The allegations in Paragraph 19 of the Petition contain conclusions of law for which no answer is required.

## PRAYER

20.     To the extent that the prayer for relief set forth in Paragraph 20 of the Petition contains allegations to which Defendant is required to respond, Defendant denies each and every allegation.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant further alleges the following defenses and affirmative defenses to the purported causes of action in the Petition as follows:

1.     Plaintiff's Petition fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant.

2.     Defendant specifically invokes all statutory limitations of liability applicable to any and all asserted causes of action in this case.

3.     Defendant affirmatively asserts the defense of payment as to Plaintiff's breach of contract claim. Defendant has paid Plaintiff all money owed to Plaintiff under any alleged contract(s).

4.     Plaintiff's claims are barred, in whole or in part, by the failure of consideration.

5.     Plaintiff's claims are barred, in whole or in part, by the lack of consideration.

6. Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

7. Plaintiff's claims are barred, in whole or in part, by illegality.

8. Plaintiff's claims are barred, in whole or in part, by modification.

9. Plaintiff's claims are barred, in whole or in part, by ratification.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of novation.

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

14. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

15. Plaintiff's claims are barred, in whole or in part, by the doctrine of mistake.

16. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

17. Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

18. To the extent Plaintiff's claims are dependent on an illusory promise, they are barred.

19. Defendant asserts any alleged damages incurred by Plaintiff resulted from his own conduct and/or were not caused or attributable to Defendant.

20. Defendant affirmatively asserts that Plaintiff is not entitled to any or all of the relief sought in his Petition.

21. Defendant asserts its entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff.

22. Defendant claims its entitlement to recover attorneys' fees and costs of suit.

23. To the extent any allegation contained in the Petition is not expressly admitted, it is denied.

24. Defendant reserves all other defenses available under any law or statute relied on by Plaintiff in his Petition.

25. In addition to the foregoing defenses, Defendant reserves the right to assert any other defenses available upon the completion of discovery and in compliance with the Federal Rules of Civil Procedure and any applicable scheduling order.

Dated:  January 10, 2022				Respectfully Submitted,

By:  */s/* Talley R. Parker
Talley R. Parker
State Bar No. 24065872
talley.parker@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH:  (214) 520-2400
FX:  (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this document was served upon the attorneys of record of all parties to the above cause in accordance with Federal Rule of Civil Procedure 5 on January 10, 2022.

By:  */s/* Talley R. Parker
Talley R. Parker